# EXHIBIT A

# EXHIBIT A-1

3/11/2021 2:14 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51389380
By: Maria Rodriguez
Filed: 3/11/2021 2:14 PM

## 2021-14218 / Court: 113

CAUSE NO. _____

| | | |
|---|---|---|
| **GREAT DIVIDE INSURANCE COMPANY as subrogee of SAN JACINTO MUSEUM OF HISTORY** <br> *Plaintiff,* | § <br> § <br> § <br> § <br> § | **IN THE DISTRICT COURT OF** |
| vs. | § <br> § | **HARRIS COUNTY, TEXAS** |
| **INTERCONTINENTAL TERMINALS COMPANY, LLC** <br> *Defendant* | § <br> § <br> § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Great Divide Insurance Company a/s/o San Jacinto Museum of History, and files its Original Petition against Defendant, Intercontinental Terminals Company, LLC, and would show the Court the following:

### DISCOVERY CONTROL PLAN

1.      Plaintiff intends that discovery be conducted under Level 1.

### CLAIM FOR RELIEF

2.      Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

### PARTIES

3.      San Jacinto Museum of History (hereinafter "San Jacinto") is operated by the San Jacinto Museum of History Association and is housed at the base of the San Jacinto Monument – a Texas landmark – located at 1 Monument Circle, LaPorte, Harris County, Texas 77571.

4.      Plaintiff, Great Divide Insurance Company a/s/o San Jacinto Museum of History (hereinafter "Great Divide" or "Plaintiff"), is engaged in the business of, among other things,

**Plaintiff's Original Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC*                                          **Page 1 of 6**

Unofficial Copy Office of Marilyn Burgess District Clerk

underwriting insurance and was authorized to conduct business in the State of Texas.  As such, it does not have a driver's license or a social security number.  Great Divide's principal office in Texas is located at 600 East Las Colinas Blvd, Suite 1400, Irving, Texas 75039.

5.    Defendant, Intercontinental Terminals Company, LLC, (hereinafter "ITC" or "Defendant") is a foreign corporation organized under the laws of the State of Delaware and is authorized to conduct business in the State of Texas.  Defendant's principal place of business in Texas is located at 1943 Independence Parkway South, LaPorte, Harris County, Texas 77536. Defendant may be served with process by serving its registered agent as follows:

**CT Corporation System**
**1999 Bryan Street, Suite 900**
**Dallas, TX 75201**

*Issuance of citation is requested at this time.*

## JURISDICTION AND VENUE

6.    This Court has jurisdiction over Defendant because it is a non-resident that has done business in, and/or committed a tort, in whole or in part, and/or has continuing contacts with Texas and is amenable to service by a Texas Court.  The Court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of the Court.

7.    Venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to this action occurred in Harris County, Texas, and the damages that is the basis of this lawsuit occurred at the San Jacinto Museum of History located in LaPorte, Harris County, Texas.

**Plaintiff's Original Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC*                                           **Page 2 of 6**

## FACTS

8.      At all times relevant hereto, ITC was in the business of refining, distributing and storing petrochemicals.

9.      On or about March 17, 2019, tank 80-8 at ITC's property located at 1943 Independence Parkway, LaPorte, Harris County, Texas 77571 (hereinafter the "Fire Site"), failed and caught fire.



10.     The fire originated at a pump manifold connected to tank 80-8, an 80,000-barrel aboveground atmospheric storage tank that held naphtha, a flammable liquid, typically used as a feedstock or blend stock for production of gasoline.

11.     ITC injects butane into the naphtha product using external piping and equipment (piping manifold) to increase the octane level of the fuel product.

12.     ITC was unable to isolate or stop the release of naphtha product from the tank and the fire continued to burn, intensify, and progressively involved additional tanks in the tank farm.

13.     The fire was extinguished on the morning of March 20, 2019.

14.     The fire caused the release and discharge of toxic fumes and chemicals into the air.

**Plaintiff's Original Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC*                                    **Page 3 of 6**

15.    As a result of the fire and resulting discharge of toxic fumes and chemicals, San Jacinto was forced to evacuate and close One Monument Circle, LaPorte, Texas (hereinafter the "Loss Site"), and remained closed for three (3) months.

16.    The fire was approximately 1.5 miles from the Loss Site.

17.    The fire burned for three days and was not fully extinguished until March 20, 2019.

18.    ITC has repeatedly and publicly admitted liability for this loss and accepted full financial responsibility for the same.

19.    As a direct and proximate result of the chemical tank fire loss and closure of San Jacinto, Plaintiff's insured sustained losses in the amount of $82,283.00.

20.    At all times relevant herein, Great Divide issued a policy of insurance to San Jacinto Museum of History that covered, *inter alia*, loss of business income for San Jacinto.

21.    Following this loss, San Jacinto filed an insurance claim with its insurance carrier, Great Divide Insurance Company.  Pursuant to the terms of the policy issued to San Jacinto, Great Divide issued payment for the covered damages sustained as a result of this loss.  Having made payments to, or on behalf of its insured, Great Divide stands in the shoes of its insured and asserts it contractual and/or equitable rights of subrogation in this lawsuit.  Specifically, Great Divide seeks reimbursement for the money(ies) it paid to, or on behalf of, San Jacinto in the amount of $82,283.00 for San Jacinto's loss of business income incurred as a result of the fire loss made the basis of this lawsuit.

22.    The causes of action set out below are not barred by limitations because the discovery rule applies to Plaintiff's claims.  Specifically, Defendant's wrongful acts were inherently undiscoverable at the time they occurred and were not discovered until after the fire and the resulting damages occurred on March 17, 2019, despite the exercise of reasonable

**Plaintiff's Original Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC*                                                    **Page 4 of 6**

diligence.  By its nature, Defendant's wrongful acts and the resulting damages can be objectively verified.

**CAUSES OF ACTION**
**COUNT I – NEGLIGENCE**

23.     Plaintiff re-pleads, re-states and re-alleges the previous paragraphs above as if fully set forth verbatim, and would show the court the following:

24.     ITC had a duty to persons such as Plaintiff's insured to exercise due care in the use, maintenance, storage, filling, securing and storing of its chemical tanks and related pumps and equipment.

25.     The damages were caused by the negligence and negligent acts and omissions of ITC as follows:

a.   Failing to properly secure chemical tanks;

b.   Failing to properly maintain the chemical tanks;

c.   Failure to install or utilize an automatic fire sprinkler system;

d.   Failure to install or utilize an automatic alarm system;

e.   Failure to install or utilize remote operated isolation valves on the pump manifold for tank 80-8; and,

f.   Failure to operate and maintain tank 80-8 in accordance with accepted industry standards and practices.

26.     The above-described losses resulted solely from the negligence, carelessness, and recklessness of ITC.

27.     Each of the above-referenced acts or omissions, singly and/or in combination with others, constituted negligence, which proximately caused the damages sustained by Plaintiff, which is in excess of the minimum jurisdictional limits of this Court.

**Plaintiff's Original Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC*                                                    **Page 5 of 6**

28.      As a direct and proximate result of the chemical tank fire, Plaintiff's insured sustained losses in the amount of $82,283.00.

## DAMAGES

29.      Plaintiff's' damages consist of the loss of business income incurred by San Jacinto as a result of the fire made the basis of this lawsuit.

30.      Plaintiff's damages are $82,283.00.

## REQUEST FOR JURY TRIAL

31.      Plaintiff demands a jury trial and tenders the appropriate fee.

WHEREFORE, PREMISES CONSIDERED Plaintiff, Great Divide Insurance Company as subrogee of San Jacinto Museum of History, prays that Defendant, Intercontinental Terminals Company, LLC, be cited to appear and to answer herein, and that upon a final hearing, the Court enter a judgment against Defendant and in favor of Plaintiff for the damages prayed for herein a sum in excess of the minimum jurisdictional limits of this Court, with prejudgment interest thereon at the maximum legal rate, post-judgment interest at the maximum legal rate, and for such other and further relief, both at law and in equity, to which Plaintiff may show itself justly entitled.

Respectfully submitted,

DOYEN SEBESTA & POELMA, LLLP

By:      /s/ Randall J. Poelma, Jr.
        Randall J. Poelma, Jr.
        rpoelma@ds-lawyers.com
        SBN: 24047823
        16945 Northchase Drive, Suite 1400
        Houston, TX  77060
        Phone: (713) 580-8900
        Fax: (713) 580-8910
        E-Service: rjpgroup@ds-lawyers.com
        ATTORNEY FOR PLAINTIFF
        GREAT DIVIDE INSURANCE
        COMPANY AS SUBROGEE OF SAN
        JACINTO MUSEUM OF HISTORY

Unofficial Copy Office of Marilyn Burgess District Clerk

**Plaintiff's Original Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC*                                                    **Page 6 of 6**

# EXHIBIT A-2

3/17/2021 1:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 51563035
By: Wanda Chambers
Filed: 3/17/2021 1:46 PM

## CAUSE NO. 2021-14218

| | | |
|---|---|---|
| **GREAT DIVIDE INSURANCE COMPANY as subrogee of SAN JACINTO MUSEUM OF HISTORY** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **INTERCONTINENTAL TERMINALS COMPANY, LLC; NSK CORPORATION; NSK PRECISION AMERICA, INC.; NSK-AKS PRECISION BALL COMPANY; and APPLIED INDUSTRIAL TECHNOLOGIES, INC.** | § | |
| *Defendants* | § | **113th JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Great Divide Insurance Company a/s/o San Jacinto Museum of History, and files its First Amended Petition against Defendants, Intercontinental Terminals Company, LLC, NSK Corporation, NSK Precision America, Inc, NSK AKS Precision Ball Company, and Applied Industrial Technologies, Inc., and would show the Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiff intends that discovery be conducted under Level 1.

### CLAIM FOR RELIEF

2.   Plaintiff seeks only monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs.

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                           **Page 1 of 17**

## PARTIES

3.      San Jacinto Museum of History (hereinafter "San Jacinto") is operated by the San Jacinto Museum of History Association and is housed at the base of the San Jacinto Monument – a Texas landmark – located at 1 Monument Circle, LaPorte, Harris County, Texas 77571.

4.      Plaintiff, Great Divide Insurance Company a/s/o San Jacinto Museum of History (hereinafter "Great Divide" or "Plaintiff"), is engaged in the business of, among other things, underwriting insurance and was authorized to conduct business in the State of Texas.  As such, it does not have a driver's license or a social security number.  Great Divide's principal office in Texas is located at 600 East Las Colinas Blvd, Suite 1400, Irving, Texas 75039.

5.      Defendant, Intercontinental Terminals Company, LLC, ("ITC") is a foreign corporation organized under the laws of the State of Delaware and is authorized to conduct business in the State of Texas. ITC's principal place of business in Texas is located at 1943 Independence Parkway South, LaPorte, Harris County, Texas 77536.  ITC may be served with process by serving its registered agent as follows:

**CT Corporation System**
**1999 Bryan Street, Suite 900**
**Dallas, TX 75201**

*Issuance of citation is requested at this time.*

6.      Defendant, NSK Corporation, ("NSK") is a foreign corporation organized under the laws of the State of Delaware and is authorized to conduct business in the State of Texas. NSK's principal place of business is located at 4200 Goss Road, Ann Arbor, MI 48105.  NSK may be served with process by serving its registered agent as follows:

**Corporation Service Company d/b/a**
**CSC-Lawyers Incorporated**
**211 E. 7th Street, Suite 620**
**Austin, TX 78701**

---

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*

*Issuance of citation is requested at this time.*

7.      Defendant, NSK Precision America, Inc. ("NSKPA") is a foreign corporation organized under the laws of the State of Michigan and is authorized to conduct business in the State of Texas.  NSKPA's principal place of business is located at 3450 Bearing Drive, Franklin, IN 46131.  NSKPA engages in business in the State of Texas, but, upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process.  Therefore, pursuant to Rule 108(a) of the Texas Rules of Civil Procedure and §17.044 of the Tex. Civ. Prac. & Rem. Code, NSKPA may be served with process by serving the Texas Secretary of State.  The Texas Secretary of State shall forward service to NSKPA's president, as follows:

**Michael R. Stofferahn**
**4200 Goss Road**
**Ann Arbor, MI 48105**

*Issuance of citation is requested at this time.*

8.      Defendant, NSK-AKS Precision Ball Company ("NSK-AKS") is a foreign corporation organized under the laws of the State of Delaware and is authorized to conduct business in the State of Texas.  NSK-AKS' principal place of business is located at 1100A North 1st Street, Clarinda, IA 51632.  NSK-AKS engages in business in the State of Texas, but, upon information and belief, does not maintain a regular place of business in the State or a designated agent for service of process.  Therefore, pursuant to Rule 108(a) of the Texas Rules of Civil Procedure and §17.044 of the Tex. Civ. Prac. & Rem. Code, NSK-AKS may be served with process by serving the Texas Secretary of State.  The Texas Secretary of State shall forward service to NSK-AKS' registered agent, as follows

**Corporation Service Company**
**251 Little Falls Drive**
**Wilmington, DE 19808**

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                    **Page 3 of 17**

*Issuance of citation is requested at this time.*

9.      Defendant, Applied Industrial Technologies, Inc. ("AIT") is a foreign corporation organized under the laws of the State of Ohio and is authorized to conduct business in the State of Texas.  AIT's principal place of business is located at 1 Applied Plaza, Cleveland, OH 44115-2519.  AIT may be served with process by serving its registered agent as follows:

**Cogency Global, Inc.**
**1601 Elm Street, Suite 4360**
**Dallas, TX 75201**

*Issuance of citation is requested at this time.*

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over each Defendant because it is a non-resident that has done business in, and/or committed a tort, in whole or in part, and/or has continuing contacts with Texas and is amenable to service by a Texas Court.  The Court has jurisdiction over the controversy because the damages sought are within the jurisdictional limits of the Court.

11.     Venue is proper in Harris County, Texas, because all or a substantial part of the events or omissions giving rise to this action occurred in Harris County, Texas, and the damages that is the basis of this lawsuit occurred at the San Jacinto Museum of History located in LaPorte, Harris County, Texas.

## FACTS

12.     At all times relevant hereto, Defendants were in the business of refining, distributing and storing petrochemicals.

13.     On or about March 17, 2019, tank 80-8 at ITC's property located at 1943 Independence Parkway, LaPorte, Harris County, Texas 77571 (hereinafter the "Fire Site"), failed and caught fire.

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                   **Page 4 of 17**



14.     The fire originated at a pump manifold connected to tank 80-8, an 80,000-barrel aboveground atmospheric storage tank that held naphtha, a flammable liquid, typically used as a feedstock or blend stock for production of gasoline.

15.     ITC injects butane into the naphtha product using external piping and equipment (piping manifold) to increase the octane level of the fuel product.

16.     NSK is a world class producer of ball and roller bearings, and linear motion products.

17.     NSAPK is one of the largest bearing suppliers worldwide.

18.     NSK-AKS is a global supplier of high quality, precision steel balls for many markets including the automotive industry, anti-friction bearing industry, original equipment manufactures, and other ball companies.

19.     AIT is a leading value-added distributor and technical solutions provider of industrial motion, fluid power, flow control, automation technologies, and related maintenance supplies.

20.     Defendants were unable to isolate or stop the release of naphtha product from the tank and the fire continued to burn, intensify, and progressively involved additional tanks in the tank farm.

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                     **Page 5 of 17**

21.     The fire was extinguished on the morning of March 20, 2019.

22.     The fire caused the release and discharge of toxic fumes and chemicals into the air.

23.     As a result of the fire and resulting discharge of toxic fumes and chemicals, San Jacinto was forced to evacuate and close One Monument Circle, LaPorte, Texas (hereinafter the "Loss Site"), and remained closed for three (3) months.

24.     The fire was approximately 1.5 miles from the Loss Site.

25.     The fire burned for three days and was not fully extinguished until March 20, 2019.

26.     Defendants have repeatedly and publicly admitted liability for this loss and accepted full financial responsibility for the same.

27.     As a direct and proximate result of the chemical tank fire loss and closure of San Jacinto, Plaintiff's insured sustained losses in the amount of $82,283.00.

28.     At all times relevant herein, Great Divide issued a policy of insurance to San Jacinto Museum of History that covered, *inter alia*, loss of business income for San Jacinto.

29.     Following this loss, San Jacinto filed an insurance claim with its insurance carrier, Great Divide Insurance Company. Pursuant to the terms of the policy issued to San Jacinto, Great Divide issued payment for the covered damages sustained as a result of this loss.  Having made payments to, or on behalf of its insured, Great Divide stands in the shoes of its insured and asserts it contractual and/or equitable rights of subrogation in this lawsuit.  Specifically, Great Divide seeks reimbursement for the money(ies) it paid to, or on behalf of, San Jacinto in the amount of $82,283.00 for San Jacinto's loss of business income incurred as a result of the fire loss made the basis of this lawsuit.

30.     The causes of action set out below are not barred by limitations because the discovery rule applies to Plaintiff's claims.  Specifically, Defendants' wrongful acts were inherently undiscoverable at the time they occurred and were not discovered until after the fire and

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                                **Page 6 of 17**

the resulting damages occurred on March 17, 2019, despite the exercise of reasonable diligence.  By its nature, Defendants' wrongful acts and the resulting damages can be objectively verified.

### CAUSES OF ACTION
### COUNT I – NEGLIGENCE

31.     Plaintiff re-pleads, re-states and re-alleges the previous paragraphs above as if fully set forth verbatim, and would show the court the following:

32.     Defendants had a duty to persons such as Plaintiff's insured to exercise due care in the use, maintenance, storage, filling, securing and storing of its chemical tanks and related pumps and equipment.

33.     The damages were caused by the negligence and negligent acts and omissions of Defendants as follows:

    a.      Failing to properly secure chemical tanks;

    b.      Failing to properly maintain the chemical tanks;

    c.      Failure to install or utilize an automatic fire sprinkler system;

    d.      Failure to install or utilize an automatic alarm system;

    e.      Failure to install or utilize remote operated isolation valves on the pump manifold for tank 80-8;

    f.      Failure to operate and maintain tank 80-8 in accordance with accepted industry standards and practices;

    g.      Failure to maintain a safe workplace;

    h.      Failure to have a reliable system or device at its plant to prevent the fire or adequately warn the community of the fire;

    i.      Failure to perform work in a safe and prudent manner;

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                    **Page 7 of 17**

j.      Failure to exercise reasonable and prudent care in the operations which were occurring at the ITC plant on the dates at issue;

k.      Failure to implement, follow and enforce proper operations procedures;

l.      Failure to implement, follow and enforce proper safety procedures;

m.      Failure to implement, follow, and enforce proper hazard analysis;

n.      Operating the Plant with institutional ignorance of or defiance to a culture of safety and accountability;

o.      Failing to inspect and maintain the equipment associated with the refining storage process;

p.      Ignoring process safety hazard data related to past incidents at the Plant;

q.      Causing and permitting to be caused a release of numerous toxic chemicals which resulted in a continuous toxic cloud over Deer Park, La Porte and other parts of Harris County;

r.      Operating the Plant without appropriate and trained staffing and supervision of Plant units;

s.      Operating the Plant with equipment and processes that defy reasonable engineering, industry and regulatory practices;

t.      Managerial acceptance or encouragement of normalized deviation from appropriate refining storage procedures;

u.      Failing to implement, follow, enforce and/or train regarding proper hazard analysis;

v.      Failing to maintain a reliable system and/or device at the Plant to prevent the fire;

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*      **Page 8 of 17**

w.   Undertaking a conscious effort to reduce costs and staffing at the expense of safety;

x.   Continuing to operate damaged and dysfunctional equipment at the expense of safety and wellbeing of the workers at the Plant and the Deer Park, La Porte, surrounding Harris County community;

y.   Failing to adopt and comply with proper operating procedures;

z.   Improperly supervising and failing to supervise operation of the unit;

aa.   Ratifying and approving improper and dangerous operating procedures, routines and practices;

bb.   Failing to make proper modifications and perform appropriate maintenance;

cc.   Failing to budget proper maintenance and required modifications, improvements and updates to the equipment and facility;

dd.   Failing to properly warn and notify the neighboring residents regarding the release and emissions from prior and subsequent releasing events;

ee.   Failing to have a proper air monitoring network in place that could warn the surrounding communities of harmful emissions being released during the fire;

ff.   Failing to have proper fire suppression devices to contain fires at the plant; and

gg.   Such other acts and omissions which may be discovered through discovery and presented at trial.

34.   The above-described losses resulted solely from the negligence, carelessness, and recklessness of Defendants.

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                        **Page 9 of 17**

35.     Each of the above-referenced acts or omissions, singly and/or in combination with others, constituted negligence, which proximately caused the damages sustained by Plaintiff, which is in excess of the minimum jurisdictional limits of this Court.

36.     As a direct and proximate result of the chemical tank fire, Plaintiff's insured sustained losses in the amount of $82,283.00.

## COUNT II - NEGLIGENT TRAINING

37.     Plaintiff re-alleges each and every allegation set forth above.

38.     Defendants had a legal duty to use ordinary care in adequately training its employees. Defendants failed to provide adequate training to its employees by among other things, failing to properly/adequately train its employees in supervising and assisting third parties at the worksite and/or failing to properly/adequately train its employees in operation and maintenance of the Plant. A reasonably prudent employer would have provided adequate training to its employees beyond what was given; to the extent any training was given. As a result of its negligent training, Defendant's employees were negligent in their operation of the Plant.

39.     Defendant's failure to adequately train its employees was a proximate cause of the injuries to the Plaintiff.

## COUNT III - NEGLIGENCE *PER SE*

40.     All allegations herein are incorporated by reference.

41.     Plaintiff re-alleges each and every allegation set forth above.

42.     Defendants' actions leading up, during and after the Incident violate Texas and federal law (including without limitation, the Texas Clean Air Act, Chapter 382 of the Texas Health and Safety Code, Chapter 7 of the Texas Water Code, and TCEQ rules and orders promulgated under these statutes) which are intended to protect the public's health and safety by regulating Plant operations, emissions and the reporting of toxic chemical emissions, releases,

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                    **Page 10 of 17**

leaks and spills. Plaintiff is among those classes intended to be protected by the environmental laws of this state and country.

43.     As a result of these unprecedented acts and omissions by Defendants, such violations of state law have resulted in a breach of duty to Plaintiff. The aforementioned flagrant, historic and continuous violations by the Defendants of state and federal laws and regulations presents the proximate cause of Plaintiff's damages.

## COUNT IV - NUSIANCE

44.     Plaintiff re-alleges each and every allegation set forth above.

45.     Plaintiff includes those who own or occupy land near the Plant during the relevant time-period. Defendants' acts and omissions resulting in the Incident caused the Plant to be a private and public nuisance and a nuisance *per se*.

46.     The ongoing release of chemicals and particulate matter from the Incident substantially trespassed upon, interfered with, and invaded the Plaintiff's use and enjoyment of its land, as well as the interests of those owning or occupying land in or near the Plant by Defendants' intentional conduct, negligence, gross negligence, and negligence as a matter of law. Defendants' acts and omissions clearly impair the comfortable enjoyment of life and property for those who own or occupy property near the Plant and have caused monetary repercussions to its business.

47.     As a direct and proximate consequence of the nuisance created by Defendants, Plaintiff's insured sustained losses in the amount of $82,283.00.

## COUNT V - TRESSPASS

48.     Plaintiff re-alleges each and every allegation set forth above.

49.     Plaintiff would show that Defendants, in furtherance of its business interests, caused the aforementioned toxins to be produced and released during the conduct of their business at the Plant during the Incident.

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                    **Page 11 of 17**

50.     Defendants, at all relevant times, negligently, recklessly or intentionally, or as a result of the abnormally dangerous activity, caused the property of Plaintiff to be invaded by the aforementioned toxins, causing great and substantial harm to the person, land and chattels of the property-owning Plaintiff.

51.     As such, the Defendants' trespass proximately caused the injuries and damages to Plaintiff. Accordingly, Plaintiff seeks recovery of all of its actual, special, consequential, incidental, and other damages, harms, and losses, including cost of restoration or repair, loss of use of land, loss of expected profits from use of land, loss of market value of land, loss of market value of buildings, employee expenses and lost profits, caused by Defendants.

52.     As a direct and proximate result of Defendants' trespass, Plaintiff's insured sustained losses in the amount of $82,283.00.

## COUNT VI - STRICT LIABILITY FOR ULTRAHAZARDOUS ACTIVITY

53.     Plaintiff re-alleges each and every allegation set forth above.

54.     Plaintiff further alleges that the operation of the Plant (leading up to, during and after the Incident) in its original and damaged/defective condition was extremely hazardous and fraught with danger and therefore, constituted an ultra-hazardous activity under Texas law.

55.     Accordingly, Defendants are strictly liable for Plaintiff's damages proximately caused by the release of toxic chemicals into the atmosphere in the amount of $82,283.00.

## COUNT VII - VICARIOUS/DERIVATIVE AND JOINT THEORIES OF LIABILITY

56.     Plaintiff re-alleges each and every allegation set forth above.

57.     Defendants are legally responsible to Plaintiff for the negligent conduct of its vice principals and for the negligent conduct of the Defendants', other employees, agents, servants and representatives under the legal doctrines of Respondeat superior, agency and/or ostensible agency because Defendants' vice principals and Defendants' employees were at all times material hereto

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                    **Page 12 of 17**

agents, ostensible agents, servants and/or employees of the Defendants, and were acting within the course and scope of such agency, servitude or employment. As a result thereof, Defendants are vicariously liable for all negligence of its vice-principals and Defendants' other employees, agents, servants and representatives.

58.     Pleading further, and in the alternative, and without waiving the foregoing, Plaintiff would also show that, at all relevant times, Defendants' vice-principals were engaged in the performance of non-delegable duties of the business of Defendants. Further, Defendants authorized or ratified the conduct of its vice principals.

59.     In light of the above, Defendants are liable to Plaintiff for its damages under the doctrine of Respondeat Superior, traditional principles of agency law, "vice principal" liability, and any other applicable theory of law.

## COUNT VIII - RES IPSA LOQUITOR

60.     Plaintiff re-alleges each and every allegation set forth above.

61.     Plaintiff also specifically pleads the doctrine of res isa loquitor. Plaintiff would show that the character of the Incident is such that it would not ordinarily happen in the absence of negligence and the acts or omissions of the equipment and personnel that led to the releases were under the control of the Defendants, its agents, servants, employees and vice principals at all relevant times.

## COUNT IX - MANAFACTURING DEFECT

62.     Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Petition as if fully restated here.

63.     The Defendants are engaged in the business of manufacturing and placing into the stream of commerce the bearings that caused the incident that is the subject of this litigation. As

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                    **Page 13 of 17**

such, Defendants are "manufacturer[s]" as that term is defined by the Texas Civil Practice & Remedies Code. TEX. CIV. PRAC. & REM. CODE§ 82.011(4).

64.     Defendants manufactured the bearings and placed them into the stream of commerce with the expectation that those bearings would, and in fact did, reach the user or consumer without substantial change in the condition in which the bearings were sold.

65.     A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous.

66.     At the time they were placed into the stream of commerce by the Defendants, the bearings were in a defective condition unreasonably dangerous to the end-user.

67.     This defective condition caused, individually or collectively with other acts and omissions, an unreasonably dangerous condition, including the Incident.

68.     The ball bearings could have reasonably been manufactured to prevent the Incident and harm to the communities surrounding the ITC Facility.

## COUNT X - DESIGN DEFECT

69.     Plaintiff refers to and incorporates by reference each and every allegation contained in the preceding paragraphs of this Petition as if fully restated here.

70.     Pleading in the alternative, to the extent that the ball bearings did not deviate from their design specifications, Defendants are liable for Plaintiff's injuries because the design of the ball bearings was defective. To recover for a products liability claim alleging a design defect, a plaintiff must prove that (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery.

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                    **Page 14 of 17**

71.     Defendants' design of the ball bearing was defective because it contained "internal voids" that rendered the bearing unreasonably dangerous for its intended use. Rather than design the bearing with internal voids, the Defendants should have utilized the solid-core design. That this "solid core" alternative design is safer than the "internal void" design of the ball bearing is demonstrated by the fact that the bearings with internal voids deteriorated and fragmented while the solid-core bearings did not.

72.     Similarly, the existence and utilization of the ball bearings in the inboard bearing demonstrates that the solid core design is both technologically and economically feasible.

73.     The "internal void" design was the producing cause of Plaintiff's injuries for the reasons previously discussed. As such, the Defendants' defective design is the proximate cause of Plaintiff's insured's sustained losses in the amount of $82,283.00.

## COUNT XI - ALL PRODUCT LIABILITY CLAIMS

74.     The allegations contained in the preceding paragraphs are hereby incorporated against Defendants.

75.     Texas Civil Practice and Remedies Code Section 82.001(3) defines "seller" as "a person who is engaged in the business of distributing or otherwise placing, for any commercial purpose, in the stream of commerce for use or consumption a product or any component part thereof." As the distributors of the ball bearings that were sold to and utilized by the ITC Facility Defendants are "sellers."

76.     "A seller that did not manufacture a product" may be held liable in a products liability action for any harm caused by that product under certain circumstances. TEX. CIV. PRAC. & REM. CODE§ 82.003. For example, if "the claimant proves ... (a)(7) that the manufacturer of the product is ... not subject to the jurisdiction of the court," then the non-manufacturing distributor is liable under Section 82.003(a)(7).

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                    **Page 15 of 17**

77.     As such, if the Court is unable to exercise jurisdiction over Defendants or if Plaintiff proves any other element of Section 82.003-Defendants, are liable for Plaintiff's injuries to the full extent that those injuries resulted from the defective manufacturing and design of the bearings. As such, Defendants' selling of the defective products is the proximate cause of Plaintiff's injuries.

78.     Additionally, liability as a non-manufacturing distributor for Defendants may exist under other parts of Section 82.003. As stated below, Plaintiff retains it right to supplement this pleading after further discovery.

### DAMAGES

79.     Plaintiff's' damages consist of the loss of business income incurred by San Jacinto as a result of the fire made the basis of this lawsuit.

80.     Plaintiff's damages are $82,283.00.

### REQUEST FOR JURY TRIAL

81.     Plaintiff demands a jury trial and has tendered the appropriate fee.

WHEREFORE, PREMISES CONSIDERED Plaintiff, Great Divide Insurance Company as subrogee of San Jacinto Museum of History, prays that Defendants, Intercontinental Terminals Company, LLC, NSK Corporation, NSK Precision America, Inc, NSK AKS Precision Ball Company, and Applied Industrial Technologies, Inc., be cited to appear and to answer herein, and that upon a final hearing, the Court enter a judgment against each Defendant and in favor of Plaintiff for the damages prayed for herein a sum in excess of the minimum jurisdictional limits of this Court, with prejudgment interest thereon at the maximum legal rate, post-judgment interest at the maximum legal rate, and for such other and further relief, both at law and in equity, to which Plaintiff may show itself justly entitled.

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                                    **Page 16 of 17**

Respectfully submitted,

DOYEN SEBESTA & POELMA, LLLP

By:      /s/ Randall J. Poelma, Jr.
         Randall J. Poelma, Jr.
         rpoelma@ds-lawyers.com
         SBN:  24047823
         16945 Northchase Drive, Suite 1400
         Houston, TX  77060
         Phone: (713) 580-8900
         Fax: (713) 580-8910
         E-Service: rjpgroup@ds-lawyers.com
         ATTORNEY FOR PLAINTIFF
         GREAT DIVIDE INSURANCE
         COMPANY AS SUBROGEE OF SAN
         JACINTO MUSEUM OF HISTORY

**Plaintiff's First Amended Petition**
*Great Divide Ins. Co. aso San Jacinto Museum of History*
*v. Intercontinental Terminals Company, LLC, et al.*                **Page 17 of 17**

# EXHIBIT A-3

4/5/2021 9:56 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 52109880
By: Devanshi Patel
Filed: 4/5/2021 9:56 AM

CAUSE NO. 2021-14218

| | | |
|---|---|---|
| GREAT DIVIDE INSURANCE COMPANY, as subrogee of SAN JACINTO MUSEUM OF HISTORY, | § § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § § | HARRIS COUNTY, TEXAS |
| INTERCONTINENTAL TERMINALS COMPANY LLC; NSK CORPORATION; NSK PRECISION AMERICA, INC.; NSK-AKS PRECISION BALL COMPANY; and APPLIED INDUSTRIAL TECHNOLOGIES, INC., | § § § § § § § | |
| Defendants. | § | 113th JUDICIAL DISTRICT |

**DEFENDANT INTERCONTINENTAL TERMINALS COMPANY LLC'S
MOTION TO TRANSFER VENUE AND, SUBJECT THERETO,
ORIGINAL ANSWER**

Defendant Intercontinental Terminals Company LLC ("Defendant") files its

Motion to Transfer Venue and, subject thereto, Original Answer to Plaintiff's First Amended

Petition (the "Petition").

**I.      Motion to Transfer Venue**

Pursuant to Rule 257 of the Texas Rules of Civil Procedure, Defendant

respectfully requests that venue for this action be transferred from Harris County to another

county of proper venue under the Texas Civil Practice and Remedies Code.  Defendant will

supplement the record with a brief in support of its motion and necessary affidavit upon

completion of sufficient discovery.

**II.      General Denial**

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally

denies the allegations and claims set forth in Plaintiff's Petition and demands strict proof thereof

by a preponderance of the credible evidence, as required by the Constitution and laws of the State of Texas.

### III.    Defenses and Affirmative Defenses

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred because Plaintiff lacks standing to bring, in whole or in part, the claims alleged in the Petition.

3.      Plaintiff's claims are barred in whole or in part by the economic loss rule under applicable law.

4.      Defendant asserts the defense of contributory or comparative negligence to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused, in whole or in part, by the negligence, fault, negligence per se, and other culpable conduct of other persons or parties who failed to exercise the requisite degree of care and caution, entitling Defendant to have the Court and jury apply the doctrine of comparative negligence established by Tex. Civ. Prac. & Rem. Code § 33.001 *et seq.* to reduce any judgment against it by the degree of negligence or fault attributable to any other person, party, or responsible third party.

5.      Defendant asserts the defense of superseding or intervening cause to the extent that the damages and injuries alleged in Plaintiff's Petition were legally and proximately caused by separate and independent events or agencies that were not the result of Defendant's actions or reasonably foreseeable to Defendant or within its control.

6.      Defendant denies that the alleged injuries of Plaintiff were proximately caused by any alleged act or omission of Defendant.

7.      As an affirmative defense, the evidence may show that one or more claims of Plaintiff are barred in whole or in part by the failure to mitigate damages.

8.    As an affirmative defense, the evidence may show that one or more of Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

9.    All conduct and activities of Defendant, as alleged in the Petition, conformed to applicable statutes, government regulations, government-issued permits, and industry standards based upon the state of knowledge at the time alleged in the Petition and/or were taken at the specific direction of or in conjunction with or with approval or ratification by federal, state, and/or local governmental authorities.

10.    Alternatively, should any amount be cast against Defendant in judgment, Defendant is entitled to a credit and off-set for any and all payments made to Plaintiff for any purpose arising out of the incident and/or claims made the subject of this litigation, including, but not limited to, settlement credits.

11.    Defendant reserves the right to assert other affirmative defenses, cross-claims, and designations of responsible third parties as discovery proceeds.

### IV.    Right to Amend

Defendant reserves the right to amend this Answer.

### V.    Request for Jury

Defendant requests a trial by jury and will pay the required fee in accordance with the deadlines imposed by the Texas Rules of Civil Procedure.

### VI.    Prayer

Defendant requests that this Court, after trial or final hearing of this case, enter judgment in Defendant's favor, that Plaintiff take nothing by reason of this suit, and that the Court award Defendant its costs of court and expenses and all other relief to which it is entitled.

Respectfully submitted,

BAKER BOTTS L.L.P.

By: _/s/ Russell C. Lewis_
       Russell C. Lewis
       Texas Bar No. 24036968
       Michael S. Goldberg
       Texas Bar No. 08075800
       Benjamin Gonsoulin
       Texas Bar No. 24099682
       Kelly Hanen
       Texas Bar No. 24101862
       Elizabeth Furlow
       Texas Bar No. 24109899
       One Shell Plaza
       910 Louisiana Street
       Houston, Texas 77002-4995
       Telephone:  (713) 229-1767
       Facsimile:  (713) 229-2867
       russell.lewis@bakerbotts.com
       michael.goldberg@bakerbotts.com
       ben.gonsoulin@bakerbotts.com
       kelly.hanen@bakerbotts.com
       elizabeth.furlow@bakerbotts.com

PHELPS DUNBAR LLP

By: _/s/ Ivan M. Rodriguez_____
      Ivan M. Rodriguez
      Texas Bar No. 24058977
      Marc G. Matthews
      Texas Bar No. 24055921
      J. Alan Harrell
      Texas Bar No. 24114609
      910 Louisiana St., Suite 4300
      Houston, Texas  77002
      Telephone:  (713) 626-1386
      Telecopier:  (713) 626-1388
      Ivan.rodriguez@phelps.com
      Marc.matthews@phelps.com
      alan.harrell@phelps.com

ATTORNEYS FOR DEFENDANT
INTERCONTINENTAL TERMINALS
COMPANY LLC

## CERTIFICATE OF SERVICE

This certifies that a copy of the above and foregoing was sent by electronic mail to the following counsel of record on this 5th day of April, 2021:

Randall J. Poelma, Jr.
Doyen Sebesta & Poelma, LLLP
16945 Northchase Drive, Suite 1400
Houston, TX 77060
Telephone: (713) 580-8900
Facsimile: (713) 580-8910
rpoelma@ds-lawyers.com
rjpgroup@ds-lawyers.com

*Attorneys for Plaintiff*

/s/ Russell C. Lewis
Russell C. Lewis